[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Federal Home Loan Mortgage Association, instituted this mortgage foreclosure action against the defendants, Henry and Quang Nguyen. Pursuant to Practice Book § 186,[1] the plaintiff also named Margaret Mandrona as a defendant by virtue of her interest in the subject property. Subsequently, Margaret Mandrona died and the plaintiff cited in her heirs, Debra Delaney, Patricia Howley and George H. Schwab III, as additional defendants.
Delaney, Howley and Schwab have filed a motion to dismiss the action as it pertains to them.
The defendants argue that the action should be dismissed because they obtained an interest in the property prior to the plaintiff, and therefore the plaintiff lacks standing to bring this action against them. The plaintiff contends that even if the defendants are prior encumbrancers, the motion to dismiss is not the proper vehicle for challenging the action.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § 142." Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). It "shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 143; see Zizka v. Water Pollution Control Authority,
supra, 195 Conn. 687.
Additionally, the motion to dismiss may be used to assert lack of standing. Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 555, 529 A.2d 666 (1987). "[I]t is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial CT Page 3692 machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) Golden Hill Paugussett Tribe of Indians v.Southbury, 231 Conn. 563, 571, 651 A.2d 1246 (1995).
The defendants do not contend that the plaintiff lacks a real interest in the subject property. Rather, the defendants are asserting that their interest is greater. This assertion, however, has no impact on the plaintiff's standing. Therefore, it is submitted that the defendants' argument that the plaintiff does not have standing to bring this action is without merit.
Accordingly, it is submitted that the motion to dismiss should be denied.
In addition, there is a split of authority in the superior courts as to whether prior encumbrancers should be included as defendants. Some courts have held that both subsequent and prior encumbrancers must be included as defendants. See ResolutionTrust Corporation v. Hausmann, Superior Court, judicial district of Danbury, Docket No. 30 67 69 (July 14, 1992, Moraghan, J.) andCity of Milford v. Adreaskis, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 04 71 24 (October 31, 1995, Curran J.). On the other hand, a superior court has held that "Practice Book § 186 merely requires the complaint to set forth the encumbrances on the subject premises . . . and does not require naming the encumbrancers as parties." DG Plumbing Heating Co. v. Malon, Superior Court, judicial district of Rockville, Docket No. 354351 (January 13, 1995, Rittenband, J.). There does not appear to be any appellate decisions clarifying this issue. The court finds the better reasoned cases are those that hold that both subsequent and prior encumbrancers must be included as defendants.
The motion to dismiss is denied.
LAWRENCE L. HAUSER, JUDGE